# IN THE COURT OF APPEALS OF IOWA

No. 12-1878
Filed July 30, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SOMVANG MEKSAVANH,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer, Judge.

Somvang Meksavanh appeals from judgment and sentence entered upon his conviction of possession of more than five grams of methamphetamine with the intent to deliver, in violation of Iowa Code sections 124.401(1)(b) and 124.411 (2011). **AFFIRMED.**

Christine E. Branstad of Branstad Law, PLLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Sharon Hall, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Brad Walz, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Potterfield and McDonald, JJ.

**DANILSON, C.J.**

Somvang Meksavanh appeals from judgment and sentence entered upon his conviction of possession of more than five grams of methamphetamine with the intent to deliver, in violation of Iowa Code sections 124.401(1)(b) and 124.411 (2011).[1] He contends there is insufficient evidence of his knowing possession of methamphetamine found in his hotel room or rental car to sustain the conviction. He also argues the trial court abused its discretion in denying his motion for a new trial and his trial counsel was constitutionally deficient. There is substantial evidence supporting his conviction, and the district court did not abuse its discretion in concluding the verdict was not against the weight of the evidence. We affirm the conviction and preserve the ineffectiveness claim for possible postconviction-relief proceedings.

**I. Sufficiency of the Evidence.**

We review challenges to the sufficiency of the evidence for errors at law. *State v. Copenhaver*, 844 N.W.2d 442, 449 (Iowa 2014). We view the evidence in the light most favorable to the State and accept all reasonable inferences that fairly may be drawn from the evidence. *See State v. Showens*, 845 N.W.2d 436, 439 (Iowa 2014). We will uphold a verdict if it is supported by substantial evidence. *See State v. Bower*, 725 N.W.2d 435, 444 (Iowa 2006). "Evidence is substantial if a rational trier of fact could be convinced beyond a reasonable doubt that the defendant is guilty of the charged crime." *Id.*

The conviction for possession of a controlled substance with intent to deliver required the State prove Meksavanh (1) knowingly possessed

---

[1] He does not challenge his conviction of failure to affix a drug tax stamp.

methamphetamine, (2) knew that the substance he possessed was methamphetamine, and (3) possessed the substance with the specific intent to deliver it. *See* Iowa Code § 124.401(1)(b)(7). To meet the possession element, the accused must have exercised dominion and control over the substance. *See State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014). Constructive possession is a judicial construct in which "possession of contraband [can] be inferred based on the location of the contraband and other circumstances." *Id.* at 443 (citing *State v. Vance*, 790 N.W.2d 775, 784 (Iowa 2010)). For example, when drugs are found on premises within the exclusive possession of the accused, this may be enough evidence to sustain the conviction. *Id.* However, when drugs are found on premises not under the exclusive possession of the accused, additional evidence is required to establish possession by the accused. *Id.* Such additional evidence may take the form of "(1) incriminating statements made by a person; (2) incriminating actions of the person upon the police's discovery; (3) the person's fingerprints on the packages containing the controlled substance; and (4) any other circumstances linking the person to the controlled substance." *Id.* (quoting *State v. Maxwell*, 743 N.W.2d 185, 194 (Iowa 2008)) (internal quotation marks omitted). These factors are not exclusive and simply provide a guide to the reviewing court. *Id.*

The following findings of the trial court are fully supported by record evidence:

> The defendant knowingly possessed methamphetamine, a taxable substance, and knew that the substance he possessed was methamphetamine. *See* Uniform Criminal Jury Instruction Nos. 200.3 and 200.47. The defendant's statements to [Officer] Zubak reflect the defendant's awareness that he had methamphetamine in

his hotel room and that he had received two ounces from a friend in Oakland. The only key found for the hotel room was in the defendant's jacket. The defendant's T Mobile bill payment receipt and "international driver's license" reflected his presence in and use of the room. There was no indication that anyone other than the defendant was staying in the hotel room. The methamphetamine was hidden underneath a lamp shade and in a dresser drawer, indicating the defendant's awareness that the substance should not be left in plain view.

. . . The defendant had a large quantity of methamphetamine in his possession along with the digital scale and sandwich baggies for weighing and packaging it. The defendant was carrying a large amount of cash. The defendant had 632.5 grams of a white, crystalline substance stored underneath the sink in his hotel room to combine with the methamphetamine to increase the overall quantity of substance that could be sold. All of these factors prove the intention to deliver more than five grams of methamphetamine. Additionally, Dylan Kelley's testimony was that he was meeting the defendant to buy an eight-ball of methamphetamine from him.

Even without any reliance upon the methamphetamine found in the rental car (which was found in the other occupant's purse and on the floor of the back seat), we affirm the defendant's conviction because there is substantial evidence supporting the trial court's findings that the defendant possessed more than five grams of methamphetamine in the hotel room with the intent to deliver. *See Thomas*, 847 N.W.2d at 443; *Maxwell*, 743 N.W.2d at 193 ("Constructive possession is recognized by inferences."); *State v. Carter*, 696 N.W.2d 31, 38-39 (Iowa 2005) (noting constructive possession occurs when the defendant has knowledge of the presence of the controlled substance and has the authority or right to maintain control of it). As outlined by the trial court, the defendant made statements to police that reflected his awareness he had methamphetamine in his hotel room. His personal belongings were found in the hotel room. The only key found for the hotel room was in Meksavanh's jacket. More than fifty grams of methamphetamine was hidden underneath a lamp shade and in a dresser

drawer. There was no indication anyone other than Meksavanh was staying in the hotel room.[2] The record here contains evidence that could convince a rational trier of fact the defendant was guilty of the charged offense beyond a reasonable doubt.

**II. Motion for New Trial.**

We review for an abuse of discretion a trial court's denial of a motion for new trial where defense counsel argues the verdict is contrary to the law and evidence. *See State v. Kern*, 831 N.W.2d 149, 158 (Iowa 2013).

A new trial may be granted under Iowa Rule of Criminal Procedure 2.24(2)(b)(6) when the verdict is contrary to the "weight of the evidence." *See Maxwell*, 743 N.W.2d at 193. "When deciding such a motion, the district court is entitled to weigh the evidence and consider the credibility of the witnesses." *Id.* Our review "is limited to a review of the exercise of discretion by the trial court, not the underlying question of whether the verdict is against the weight of the evidence." *State v. Reeves*, 670 N.W.2d 199, 203 (Iowa 2003).

We find no abuse of discretion here. The verdict was not contrary to the weight of the evidence and the reasonable inferences that arise therefrom.

**III. Ineffective Counsel.**

Meksavanh summarily contends he was denied the effective assistance of counsel at trial, alleging counsel failed to adequately investigate and present evidence, file pretrial motions, procure an interpreter, argue spoliation of

---

[2] On appeal, Meksavanh argues he did not have exclusive possession of the motel room, noting the room was not in his name. But Meksavanh admitted to staying in the room and explained to police that a woman had reserved the room and let him use the rest of her reservation.

evidence, and argue for the exclusion of inadmissible evidence. The record is not adequate to review the ineffectiveness claims. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Consequently, we affirm the defendant's conviction and preserve his ineffectiveness claim for possible postconviction-relief proceedings.

**AFFIRMED.**